1
2
3
4                        UNITED STATES DISTRICT COURT
5                      NORTHERN DISTRICT OF CALIFORNIA
6
7    CORTNEY BURNS,                          Case No. 19-cv-01209-HSG
8                      Plaintiff,
                                             **ORDER GRANTING MOTION TO**
9            v.                              **TRANSFER**
10   BEN SVENSON, et al.,                    Re: Dkt. No. 27
11                    Defendants.
12
13          Pending before the Court is Defendants Broder Blackinton LLC, The Beyond Place LLC,
14   Blackinton Backwoods LLC, Blackinton Mill LLC, Blackinton Operating LLC, 1288 Mass Ave
15   LLC, Ben Svenson, Eric Svenson, and Dana Nielson (collectively, "Defendants")'s motion to
16   dismiss Plaintiff Cortney Burns's complaint or, in the alternative, to transfer venue to the District
17   of Massachusetts, briefing for which is complete.  Dkt. No. 1 ("Compl."), 27 ("Mot."), 38
18   ("Opp."), 39 ("Reply").  Having carefully considered the parties' arguments, the Court **GRANTS**
19   the motion to transfer, and **DEFERS** ruling on the motion to dismiss.
20   **I.      BACKGROUND**
21          In late 2016, Plaintiff was introduced to Defendant Ben Svenson about the prospect of
22   opening a restaurant in Massachusetts in connection with a motel property.  Compl. ¶¶ 28–29.
23   Plaintiff at the time lived in San Francisco, working as a renowned chef.  *Id.* ¶¶ 19–22.
24   Discussions and negotiations thereafter took place over email, phone, or during Plaintiff's trips to
25   Massachusetts.  *See, e.g.*, *id.* ¶¶ 29–36, 38–43.  And at some point, Plaintiff received a formal
26   offer "to become partners in the full venture" in Massachusetts.  *Id.* ¶ 43.  The extent to which
27   Plaintiff accepted any offer and on what terms are unclear.  What is clear, however, is that Plaintiff
28   moved to Massachusetts in April 2017 to open the discussed restaurant and worked there

United States District Court
Northern District of California

continuously to that end for over two years.  *Id.* ¶¶ 61–88.  But as happens even with best-laid

plans, things went awry, and this lawsuit ensued.

## II.    LEGAL STANDARD

"For the convenience of the parties and witnesses, in the interest of justice, a district court

may transfer any civil action to any other district or division where it might have been brought

. . . ."  28 U.S.C. § 1404(a).  The transfer statute exists "to prevent the waste of time, energy and

money and to protect litigants, witnesses and the public against unnecessary inconvenience and

expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks omitted).

The moving party bears the burden of showing that the transferee district is a "more appropriate

forum."  *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000).  And the district

court has broad discretion in deciding whether or not to transfer an action.  *See Ventress v. Japan

Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007) ("[T]he district court's decision to change venue is

reviewed for abuse of discretion.  Weighing of the factors for and against transfer involves subtle

considerations and is best left to the discretion of the trial judge.") (internal quotation marks and

citations omitted).

District courts engage in a two-step analysis for motions to transfer.  First, they determine

"whether the transferee district was one in which the action 'might have been brought' by the

plaintiff."  *Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960) (quoting 28 U.S.C. § 1404(a)).  If so,

the courts engage in an "individualized, case-by-case consideration of convenience and fairness."

*Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622)).

In this District, courts typically consider the following factors: (1) plaintiff's choice of forum, (2)

convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5)

familiarity of each forum with the applicable law, (6) feasibility of consolidation with other

claims, (7) any local interest in the controversy, and (8) the relative court congestion and time to

trial in each forum.  *See, e.g.*, *Perez v. Performance Food Grp., Inc.*, No. 15-cv-02390-HSG, 2017

WL 66874, at *2 (N.D. Cal. Jan. 6, 2017); *Brown v. Abercrombie & Fitch Co.*, No. 4:13-CV-

05205 YGR, 2014 WL 715082, at *2 (N.D. Cal. Feb. 14, 2014); *Wilson v. Walgreen Co.*, No. C-

United States District Court
Northern District of California

2

1   11-2930 EMC, 2011 WL 4345079, at *2 (N.D. Cal. Sept. 14, 2011).[1]

2   ## III.   DISCUSSION

3   Defendants ask the Court to transfer this case to the District of Massachusetts.  Mot. at 18–

4   21.  The Court agrees that transfer is appropriate.

5   ### A.   Plaintiff Could Have Brought This Action in the District of Massachusetts

6   "A proper district court is one: (1) that has subject matter jurisdiction; (2) where defendant

7   would have been subject to personal jurisdiction; and (3) venue would have been proper."  *Brown*,

8   2014 WL 715082, at *3 (citing *Hoffman*, 363 U.S. at 343–44)).  The Court finds that this threshold

9   requirement is met.

10   First, the District of Massachusetts has subject matter jurisdiction based on the complaint's

11   jurisdictional allegations.  Plaintiff here invokes diversity jurisdiction, noting that "Plaintiff does

12   not live in the same state as any Defendants and the amount of damages is more than $75,000."

13   Compl. ¶ 16; *see also* 28 U.S.C. § 1332(a).  Neither party disputes that the same would be true in

14   the District of Massachusetts.  Second, although Defendants dispute this Court's exercise of

15   personal jurisdiction over them, there is no disputing that Defendants would have been subject to

16   personal jurisdiction in the District of Massachusetts, because Defendants are all alleged to be

17   Massachusetts citizens.  *See* Compl. ¶¶ 2–4 (alleging each individual Defendant "resides in

18   Massachusetts"); *id.* ¶¶ 5–12 (alleging each entity Defendant is "incorporated in Massachusetts" or

19   "is a Massachusetts domestic limited liability company" with a Massachusetts address); Mot. at 7–

20   16 (alleging the Northern District of California lacks personal jurisdiction over Defendants).

21   Third, venue properly lies in the District of Massachusetts, where "a substantial part of the events

22   or omissions giving rise to the claim occurred."  *See* 28 U.S.C. § 1391(b)(1).[2]  Finally, Plaintiff

23   does not dispute that the action could have been brought in the District of Massachusetts, so the

24   only contested issue before the Court is the second step of the transfer analysis.

25   //

26

27   [1] These factors are "[c]onsistent" with Ninth Circuit precedent.  *See Wilson*, 2011 WL 4345079, at *2; *see also Jones*, 211 F.3d at 498–99 (listing eight *examples* of factors that courts may consider).

28   [2] Alternatively, venue in the District of Massachusetts is proper because Defendants are subject to personal jurisdiction there.  *See* 28 U.S.C. § 1391(b)(3).

United States District Court
Northern District of California

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## B.    Considerations of Convenience and Fairness Favor Transfer of the Action

In the second step of the transfer analysis, the Court declines to consider two of the eight factors typically considered by courts in this District: court congestion and feasibility of consolidation.[3]   Further, it separately considers one of the factors suggested by the Ninth Circuit: "differences in the costs of litigation in the two forums."  *See Jones*, 211 F.3d at 499.  Balancing the relevant factors, the Court finds that transfer is warranted.

### i.    Plaintiff's Choice of Forum and Convenience of the Parties

Defendants contend that Plaintiff's choice of forum is entitled to little weight because Plaintiff is currently living in New Hampshire and that the District of Massachusetts is more convenient for all parties.  *See* Mot. at 18–21.

"In judging the weight to be accorded to [a plaintiff's] choice of forum, consideration must be given to the extent of both [the plaintiff's] and [the defendant's] contacts with the forum, including those related to [the plaintiff's] cause of action."  *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).  And courts have found that less deference is owed to a plaintiff's choice of forum where the operative facts did not occur there.  *Id.*; *see also Metz v. U.S. Life Ins. Co. in City of N.Y.*, 674 F. Supp. 2d 1141, 1146 (C.D. Cal. 2009) ("Deference to the plaintiff's choice of venue is further diminished if . . . . the operative facts have not occurred within the forum") (internal quotation marks omitted).

Here, the entire dispute concerns an agreement to carry out activities in Massachusetts, and Plaintiff's various causes of action center around facts concerned with the Massachusetts forum. *See* Compl. at ¶ 90 (asserting that the allegedly breached contract "provid[ed] that Plaintiff move to Massachusetts, [and] devote her time, knowledge, culinary expertise and labor to opening a restaurant [there]"), ¶ 97 (alleging detrimental reliance in moving to Massachusetts), ¶ 103

---

[3] The Court does not compare the court congestion and time of trial in the two districts because ongoing application of this doctrine could have the unintended consequence of penalizing efficiency by effectively placing more cases in the districts with the shortest time to trial.  In addition, the Court is somewhat skeptical of the ability of the Court or the parties to accurately and meaningfully capture these metrics as of *today*, which is the only timeframe that matters for this purpose.  As to the feasibility of consolidation, neither party addresses this factor.  Given its apparent inapplicability, the Court finds this factor to be neutral.

4

(alleging Plaintiff was fraudulently induced to work in Massachusetts), ¶ 106 (alleging an implied-in-fact contract "whereby Plaintiff relocated from San Francisco to Massachusetts"), ¶ 113 (alleging a quantum meruit claim based on "Plaintiff relocat[ing] from San Francisco to Massachusetts"), ¶ 116 (alleging unjust enrichment from "Plaintiff relocat[ing] from San Francisco to Massachusetts and provid[ing] her services, labor, culinary expertise, and contribut[ing] sweat equity"), ¶ 119 (alleging a conspiracy, the aim of which was to "entice Plaintiff to relocate from San Francisco to Massachusetts"), ¶ 125 (alleging a labor violation in coercing Plaintiff to "relocate[] from San Francisco"). The only connection to California alleged in Plaintiff's various causes of action is that Plaintiff was tricked into leaving California. All told, then, it is apparent that the central situs of alleged wrongful conduct, and the salient events underlying such conduct, are in Massachusetts, not California.

Plaintiff presents little argument on this point in opposition. Opp. at 24. Plaintiff simply relies on the presumptive weight to a plaintiff's choice of forum and states that certain facts "occurred in California." *Id.* Specifically, according to Plaintiff, "[she] was sought out in California, on the basis of her California restaurants and reputation arising thereof, via communications directed at her in California." *Id.* But why Defendants "sought out" Plaintiff is not an operative fact. Instead, the operative facts concern Defendants' alleged wrongful conduct—whether Defendants failed to perform under the alleged contract; whether Plaintiff fully performed under the alleged contract; whether Defendant compensated Plaintiff under the alleged implied-in-fact contract; whether Defendant gave Plaintiff her alleged ownership interest for services provided; how and to what measure Defendant was unjustly enriched; whether a conspiracy was formed; whether Defendants intentionally inflicted emotional distress upon Plaintiff during her time in Massachusetts—all of which allegedly occurred in, or at least more closely relate to activities within, Massachusetts.

The convenience of the parties also favors transfer. As Defendants note, all Defendants reside in Massachusetts, whereas not even Plaintiff is currently living in California. Mot. at 18–19. Tellingly, Plaintiff does not dispute that she is currently living in New Hampshire, 3,000 miles closer to Massachusetts than California. *See* Opp. at 24. Nor does Plaintiff dispute that the

convenience of the parties as a whole favors transfer.

The Court accordingly finds that the convenience to the parties outweighs Plaintiff's interest in choosing a forum in which the majority of the operative facts did not occur, and thus favors transfer.

### ii.   Convenience to Witnesses and Ease of Access to Evidence

Next, Defendants contend that "all key witnesses are either located in Massachusetts, where they are subject to subpoena, or in a jurisdiction that is closer to Massachusetts than California." Mot. at 19. Defendants in particular identify several non-party witnesses who "live in Massachusetts or the greater New England area." *Id.* And Defendants add that whereas all documents and evidence in this case are in the District of Massachusetts, "*no* known documents or witnesses may be found" in the Northern District of California. *Id.* at 18–19.

The convenience of non-party witnesses is often considered the most important factor in assessing a motion to transfer. *Arreola v. Finish Line*, No. 14-CV-03339-LHK, 2014 WL 6982571, at *10 (N.D. Cal. Dec. 9, 2014); *Brown*, 2014 WL 715082, at *4. And the Court is persuaded that the convenience of non-party witnesses strongly supports Defendants' transfer request. Whereas Defendants identify numerous non-party witnesses, for whom compulsory process to compel attendance would be unavailable from this Court but available in the District of Massachusetts, Plaintiff failed to identify a single relevant party for whom this District would be a more convenient forum. Mot. at 18–19; *see Jones*, 211 F.3d at 498–99 (noting that courts may consider "the availability of compulsory process to compel attendance of unwilling non-party witnesses"); Fed. R. Civ. Proc. 45(c) (limiting subpoena power under most circumstances to "within 100 miles of where the person resides, is employed, or regularly transacts business in person"). And with respect to the factor examining ease of access to evidence, Plaintiff does not dispute that all relevant documents and physical evidence are in the District of Massachusetts.

Accordingly, the Court finds that both the witness convenience and ease of access to evidence factors weigh in favor of transfer.

//

//

6

United States District Court
Northern District of California

       iii.     **Familiarity with Applicable Law; Local Interest; Difference in Costs**

Neither party argues that the Northern District of California or the District of Massachusetts has greater familiarity with applicable law such that transfer is more or less appropriate. Nor do the parties argue that differences in litigation costs or local interests in deciding local controversies counsels either way. Presented with no such argument, the Court finds these factors to be neutral.

       iv.     **Balancing the Factors**

Plaintiff's choice of forum, as always, weighs against transfer, but is entitled to less deference because the operative facts in this case occurred outside of the chosen forum. In contrast, the convenience of the witnesses (often considered the most important factor) weighs in favor of transfer, as do the convenience of the parties and ease of access to evidence. The remaining factors relevant to this analysis—forum familiarity with applicable law, the local interest in deciding controversies, and the costs of litigation—are neutral. On balance, then, transferring this action to the District of Massachusetts is warranted.

## IV.    THE COURT DEFERS RULING ON THE MOTION TO DISMISS

Because this case will be transferred to the District of Massachusetts, this Court defers ruling on Defendants' motion to dismiss, so that it may be considered by the transferee court. *See, e.g.*, *Heredia v. Sunrise Senior Living LLC*, No. 18-cv-00616-HSG, 2018 WL 5734617, at *8 (N.D. Cal. Oct. 31, 2018) (deferring consideration of motion to dismiss).

## V.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to transfer, and **DEFERS** ruling on the motion to dismiss. The Clerk of Court shall **TRANSFER** this case to the United States District Court for the District of Massachusetts, and to close the file.

       **IT IS SO ORDERED.**

Dated: 8/5/2019

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge